IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAQUEL VÉLEZ-MOLINA, ET. AL.

    Plaintiffs,

        v.

THOMAS RIVERA-SCHATZ, ET. AL.,

    Defendants.

CIVIL NO. 20-1565 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Mrs. Raquel Vélez-Molina, her husband, and the legal conjugal partnership between them sued Mrs. Vélez' former employer – the Senate of Puerto Rico – its former President, Thomas Rivera-Schatz, and former Senator Miguel Romero-Lugo under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq.; Article II of the Puerto Rico Constitution, P.R. Laws Ann. tit. 1; Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321; Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29 § 194, and Puerto Rico's general tort statute (Docket No. 1). Neither Title VII nor Law 115 allows for individual liability, and plaintiffs clarified that the claim against Mr. Romero is limited to Law 69 (Docket No. 35).

Mr. Romero argues that the action against him is untimely and should be dismissed on that basis (Docket No. 30). The action is subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5298.[1] Because plaintiff was terminated

---

[1] Given that the present case was filed before the new Puerto Rico Civil Code, Act No. 55 of June 1, 2020, became effective, the case is governed by the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31.

Vélez-Molina, et. al. v. Rivera-Schatz, et. al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 2

effective on March 30, 2019, and the case was filed on October 21, 2020, it is untimely as to Mr. Romero.[2]

Plaintiffs allege that Mrs. Vélez filed a Charge of Discrimination with the EEOC and the charge tolled running of the limitations period (Docket No. 35). On December 14, 2018, the EEOC sent a Notice of Charge of Discrimination to the Senate of Puerto Rico (Docket No. 30-2), to an email address ascribed to the Senate, not to Mr. Romero directly or personally. And there is no indication that the charge was personally notified to him or reached his home or office. In these circumstances, the allegations call for dismissal.[3] A late claim "cannot resurrect an expired action." Santiago-Castillo v. Cayetano, 2015 WL 1918670 *1, *3 (D.P.R. 2015). That being so, the motion at Docket No. 30 is GRANTED and the case against Mr. Romero DISMISSED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

[2] Per Mrs. Vélez's allegations, she received a termination letter on March 29, 2019, effective on March 31, 2019 (Docket No. 20, ¶ 101). Even considering this date as the latest discriminatory event, the one-year statute of limitations would have begun to run on March 30, 2019 and ended on March 29, 2020.

[3] Dismissal is appropriate "when the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations." Smith v. Condado Duo La Concha SPV, LLC., 140 F.Supp.3d 213, 214 (D.P.R. 2015).