IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAQUEL VELEZ-MOLINA, et al.,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 20-1565 (PAD)** |
| **THOMAS RIVERA-SCHATZ, et al.,** | |
| **Defendants.** | |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Raquel Vélez-Molina, her husband, and the legal conjugal partnership between them sued Thomas Rivera-Schatz in his official capacity as President of the Puerto Rico Senate, and Senator Miguel Romero in his personal and official capacity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq.; Article II of the Puerto Rico Constitution, P.R. Laws Ann. tit. 1; Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321; and Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29 § 194.  Before the court is defendants' motion to dismiss (Docket No. 39). For the reasons explained below, the motion is GRANTED IN PART and DENIED IN PART.

**I.     PROCEDURAL HISTORY**

On October 21, 2020, plaintiffs filed the complaint (Docket No. 1).  On December 30, 2020, Mr. Romero in his personal capacity moved to dismiss the complaint (Docket No. 12).  On January 13, 2021, plaintiffs opposed the motion (Docket No. 22), and filed an amended complaint (Docket No. 20).  On January 26, 2021, Mr. Romero in his personal capacity moved to dismiss the amended complaint (Docket No. 30).  On February 9, 2021, plaintiffs opposed the motion (Docket No. 35). On March 8, 2021, defendants in their official capacity filed a motion to dismiss the amended

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 2

complaint (Docket No. 39). On March 23, 2021, plaintiffs opposed the motion (Docket No. 41). On April 9, 2021, defendants replied (Docket No. 48). On October 1, 2021, the court dismissed the case as to Mr. Romero (Docket No. 51).[1]

## II.   STANDARD OF REVIEW

The Senate requests that the amended complaint be dismissed under Fed. R. Civ. P. 12(b)(6) (Docket No. 39). To survive a motion to dismiss predicated on this rule, a complaint must allege a plausible entitlement to relief. See, Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014)(examining standard); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013)(same). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the factual allegations are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint "is open to dismissal." Rodríguez-Reyes 711 F. 3d at 53. All reasonable inferences must be drawn in the pleader's favor. Id. at 52-53. Those inferences may be augmented with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice. Id. at 53.

## III.   ALLEGATIONS

Ms. Vélez-Molina alleges that the Senate discriminated against her while she was an employee in Mr. Romero's Office and "particularly in the Government Commission of the Senate," which Mr. Romero presided (Docket No. 20, p. 3). She adduces that that since February

---

[1] Because the remaining defendant has been sued in his official capacity, the court considers the action as one filed against the Senate and treats it accordingly. A suit against a public official in his official capacity "is a suit against the governmental entity itself." Surprenant v. Rivas, 424 F. 3d 5, 19 (1st Cir. 2005).

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 3 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 3

2018 until her termination in March 2019, her coworker Luis Flores-Alomar discriminated against her and other women in the office, creating a hostile work environment that led to an incident in which Mr. Flores-Alomar physically assaulted Ms. Vélez-Molina. Id. She asserts that even though she raised the issue with her employer and the human resources office, they did nothing to stop or prevent the hostile environment. Id. She posits that defendants discriminated and retaliated against her by relocating her – but not a male employee – to an unsuitable work area and to a location even further away from the Capitol building, and, subsequently, by terminating her employment. Id. In her view, these incidents evince violations of Title VII, Law 69, and Law 115 (Docket No. 20, pp. 15-16).[2] The Senate counters that dismissal is appropriate for failure to exhaust, untimeliness, and absence of plausible claims for relief (Docket Nos. 39 and 48).

## IV.   DISCUSSION

### A. Title VII

The Senate argues that Ms. Vélez-Molina cannot bring relocation and termination claims under Title VII because even though she filed a charge before the Equal Employment Opportunity Commission ("EEOC"), she did not include in that charge allegations regarding relocation and termination (Docket Nos. 39 and 48). Plaintiffs respond that those claims are reasonably related to the issues raised in the charge and, as such, were properly brought here (Docket No. 41).

---

[2] In the jurisdictional section of the first amended complaint (Docket No. 20, p. 2), plaintiffs invoked Art. II, Section 1 of the Puerto Rico Constitution, but in describing the causes of action did not include any action under that provision. Id. at pp. 15-16. At any rate, in the employment context, Art. II, Section 1 does not give rise to an action separate from those set in the statutes under which plaintiffs seek remedies here. Where a cause of action has been created by legislation to address issues that arise out of employment relationships such as discrimination and retaliation, the remedies available to the employee are those established in the statutes prohibiting that conduct. See, Santana-Colón v. Houghton Mifflin Harcout Pub. Co., 81 F.Supp.3d 129, 140-141 (D.P.R. 2014)(addressing topic). No separate damages action is available to the employee to seek redress for the same prohibited conduct. Id.

<u>Vélez-Molina</u> v. <u>Rivera-Schatz, et al.</u>
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 4

    A plaintiff may bring an employment discrimination action under Title VII only after filing a timely charge with the EEOC or a state or local agency with authority to grant or seek relief from such practice. <u>See</u>, 42 U.S.C. § 2000e-5(e)(1) (setting forth requirement). A Title VII suit, however, "may extend as far as, but not beyond, the parameters of the underlying administrative charge." <u>Jorge</u> v. <u>Rumsfeld</u>, 404 F. 3d 556, 565 (1st Cir. 2005). In this way, the civil complaint is limited by the charge "and the investigation which can reasonably be expected to grow out of that charge." <u>Lattimore</u> v. <u>Polaroid Corp</u>., 99 F. 3d 456, 464 (1st Cir. 1996).

    On December 18, 2018, Ms. Vélez-Molina filed a charge with the EEOC complaining of a hostile work environment; of threats; and of the employer's inaction (Docket No. 30-1, pp. 1-2). She stated to have been subjected to discrimination and retaliation. <u>Id.</u> On October 8, 2019, the EEOC asked her to provide information about, among other things, photos she posted in the EEOC portal in support of her grievance on March 24 and 25, 2019 (Docket No. 46-1, p. 1).

    On October 18, 2019, Ms. Vélez-Molina responded to the EEOC's inquiry, explaining that the photo was of the Tropical Medicine building she was assigned to after her grievance (Docket No. 46-2). She indicated that the place was being remodeled and the offices were full of fungus, with a collapsed ceiling, and a water leak from a toilet that dripped from the offices in the section above her work area. <u>Id.</u> She complained of excessive noise and pointed out that the situation caused her to become ill and miss several days of work. <u>Id.</u> Additionally, she expressed that she sent a message to Mr. Romero explaining to him what was happening, to which Mr. Romero responded that she should put it in writing. She did so and, as soon as Mr. Romero received the letter, she was "again moved much further away" to the "Luis A. Ferrer Building," where she

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 5 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 5

worked for two months before being terminated (Docket No. 46-3).[3]  Further, as described in plaintiffs' opposition to the motion to dismiss, Ms. Vélez-Molina also submitted to the EEOC a document titled "Narration of events after my grievance" that mentions her working area in the Tropical Medicine building, and her relocation to another building in January 2019 (Docket No. 41-6, p. 1, English Translation at Docket No. 46-5).

On July 24, 2020, the EEOC issued a right-to-sue letter to Ms. Vélez-Molina (Docket No. 30-3).  Her response to the EEOC's inquiry during the post-charge investigation included information about relocation as well as termination.  The identification of these events reasonably grew out of the charge, describe the essential nature of the claims, and identify the core facts on which they are based.  In consequence, they were properly exhausted under Title VII.

B. Law 69

Like under Title VII, plaintiffs allege that Ms. Vélez-Molina's relocations and termination were discriminatory and retaliatory under Law 69 (Docket No. 20, ¶¶ 103-114).  The Senate maintains that such clams are time-barred (Docket No. 39, p. 5).  Law 69 is subject to "a one-year statute of limitations."  Rivera v. Pall Life Science, Inc., 2008 WL 11503882, *2 (D.P.R. Aug. 25, 2008).  In accordance with Article 1873 of the Civil Code, prescription of actions is interrupted "by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor."  Rivera v. Lifelink Foundation, Inc., 208 F. Supp. 3d 425, 429 (D.P.R. 2016).[4]

---

[3] Defendant erroneously asserts that Ms. Vélez-Molina never informed the EEOC of her termination (Docket No. 48, p. 5).

[4] As the events took place before the new Puerto Rico Civil Code became effective on December 1, 2020, they are subject to the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31.

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 6 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 6

Ms. Vélez-Molina was relocated in December 2018 and January 2019, and terminated in March 2019. Plaintiffs filed the complaint more than one year after these events, in October 2020. There is no showing that they filed suit with any court until after the limitations period had expired and they have not asserted that the Senate previously acknowledged liability over these matters. Hence, only the second tolling mechanism- the making of an extrajudicial claim – is potentially relevant in deciding whether the statute of limitations was in fact interrupted to permit the stated Law 69 action.

A charge before the EEOC alleging discrimination in violation of Title VII "tolls the statute of limitations on equivalent state claims," including Law 69. Gerald v. University of Puerto Rico, 707 F. 3d 7, 27 (1st Cir. 2013). To serve as an extrajudicial claim, the claim asserted in the EEOC charge must be the same as that later sought in court. Id. And it must be "precise and specific" so as to let the defendant know that the claimant "does not wish to lose the right claimed." Rivera, 208 F. Supp. 3d at 429.

Ms. Vélez-Molina's EEOC charge complains of sex discrimination; refers to a hostile work environment; and mentions retaliation (Docket No. 30-1). But it is silent as to relocation and termination. Ms. Vélez-Molina informed the EEOC of these items. However, there is no indication that the EEOC informed the Senate of them. The omission is fatal, for to effectively toll the statute of limitations, the extrajudicial claim must be presented to the debtor "within the period of limitations." Rivera, 208 F. Supp. 3d at 429. In these circumstances, the charge did not interrupt the limitations period to assert relocation and termination claims under Law 69.

Furthermore, from the documents that Ms. Vélez-Molina submitted to the EEOC, she complained to Mr. Romero, to the Senate Human Resources Office, and to others about the

relocations prior to termination. As that happened before October 2019, the statute of limitations expired before plaintiffs initiated the present action, and there has been no expression that a timely extrajudicial claim was delivered to the Senate in connection with Ms. Vélez-Molina's termination. That being so, these action items are time-barred under Law 69. A late claim "cannot resurrect an expired action." Santiago-Castillo v. Cayetano, 2015 WL 1918670, *3 (Apr. 28, 2015).

### C. Law 115

Law 115 makes it unlawful for an employer to discharge, threaten, or discriminate against an employee who has: (1) offered or attempted to offer testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico; and/or (2) provided or attempted to provide testimony, expression or information in internal procedures the employer has established or before any employee or representative in a position of authority, provided the expression is not of a defamatory character or constitutes disclosure of privileged information established by law. See, P.R. Laws Ann. tit. 29 § 194a(a).

The Senate argues that the amended complaint fails to state a claim under Law 115 because, according to the allegations, the retaliatory actions plaintiff complains about resulted from her "going public" to the press about her grievance, and this type of action falls beyond the scope of the statute (Docket No. 39, p. 13). Equally, it contends that it has not found any evidence of receipt of notice of the EEOC charge or the right-to-sue letter, and if it was unaware of the case before the

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 8 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 8

EEOC, it has no liability over plaintiff's relocations and termination regardless of motive (Docket No. 48, pp. 5-6).[5]

Law 115 does not protect employees from adverse employment actions resulting from them communicating with the media. Still, the allegations must be read "holistically," García-Catalán v. U.S., 734 F. 3d 100, 103, and plaintiffs also assert that Ms. Vélez-Molina complained to Mr. Romero; to Yaritzy de la Torre (Mr. Romero's Office Director); to Elvira Cancio (Executive Director of the Office of Government Commission, which Mr. Romero presided); and to personnel of the Senate's Human Resources Office. Along this line, the allegedly retaliatory actions took place after she complained. That is sufficient to prevent dismissal of the retaliation claim under Law 115 at this point in the proceedings.

The contention that the Senate, as a separate legal entity, may have been unaware of the EEOC charge is unavailing. Beyond the fact that based on the Notice of Charge of Discrimination the charge was sent to a Senate electronic address, legal entities such as corporations and government departments and units act through their directors, officials and employees. That directly links the Senate to the persons Ms. Vélez-Molina complained to. And those persons held positions of authority within the bounds of Law 115. Thus, the Law 115 claim stands.

### D. Plausibility

The Senate affirms that the pleadings are insufficient to show a plausible claim for relief (Docket No. 39, pp. 7, 9, 10). It asserts that there is no plausible claim of discriminatory termination and retaliation, for the termination letter informed plaintiff that she was terminated

---

[5] According to the Notice of Charge of Discrimination issued by the EEOC on December 14, 2018, however, the notification was sent to sreyes@senado.pr.gov. (Docket No. 41-1). The Senate has not stated that this electronic address does not belong to the Senate or did not correspond to it as of the date that the EEOC sent notice of the charge.

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 9 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 9

because the Senate Government Commission had been assigned a new President (Id., p. 8), and to the Senate's way of thinking, the complaint simply invites to speculate about possible hidden reasons for termination. Id. It maintains that inasmuch as plaintiff was relocated along with the whole Commission she was assigned to, she did not suffer an adverse employment action giving rise to a retaliation claim. Id. at 10. And it submits that there can be no liability for hostile work environment because it took remedial actions to resolve Ms. Vélez-Molina's situation. Id. at 12.

Yet, plaintiffs posit that Ms. Vélez-Molina was treated less favorably than male employees in relation to the relocations and the termination; and that the employer took no effective remedial actions despite her complaints about the alleged hostile work environment. As things go, this suffices to resist dismissal at this stage. Sufficiency may be found even if a plaintiff has not alleged every fact necessary to win at trial or to successfully resist summary judgment. See, Rodríguez-Vives, 743 F.3d at 283, 286 (contrasting sufficiency under Fed. R. Civ. P. 12(b)(6), summary judgment, and trial). There "need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." García-Catalán, 734 F. 3d at 103, (1st Cir. 2013),

## V.   CONCLUSION

For the reasons stated, the "Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support Thereof" (Docket No. 39) is GRANTED IN PART and DENIED IN PART. With this ruling, the following claims remain: hostile work environment, retaliation and termination under Title VII; hostile work environment under Law 69; and retaliation under Law 115. The Senate shall answer the first amended complaint not later than March 9, 2022. Thereafter, the court will enter a Case Management Order. No motions for judgment on the pleadings will be entertained.

Case 3:20-cv-01565-PAD   Document 52   Filed 02/22/22   Page 10 of 10

Vélez-Molina v. Rivera-Schatz, et al.
Civil No. 20-1565 (PAD)
Memorandum and Order
Page 10

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE